IN THE U.S. DISTRICT COURT

| | | |
|---|---|---|
| PRO MOVES<br>D.B.A. PROFESSIONAL MOVES<br>P.O. BOX 372<br>FARMINGTON, WV 26571 | : | FILED<br>SEP 12 2014<br>U.S. DISTRICT COURT<br>CLARKSBURG, WV 26301 |
| PLAINTIFF, | : | |
| v. | : | |
| EMOVE<br>D.B.A. MOVINGHELPER.COM<br>2727 NORTH CENTRAL AVE.<br>PHOENIX, AZ 85004 | : | **COMPLAINT**<br><br>1:14 CV154 |
| DEFENDANT, | : | |
| UHAUL<br>2727 NORTH CENTRAL AVE.<br>PHOENIX, AZ 85004 | : | |
| DEFENDANT. | : | |

    Now comes the Plaintiff, Pro Moves, through the agents of the business acting pro se, to file complaint against the Defendant(s).

    Plaintiff has been listed as a movinghelper on the EMove website known as movinghelper.com. EMove is owned by UHaul. During this time, Plaintiff has done the job of moving helper to a degree that maintained at least a (4) four star rating from customers. After approximately (5) five years of service a customer filed a false claim with EMove stating that Pro Moves did not complete the move that we were hired to do. Under the EMove dispute policy, a moving helper is given two (2) weeks to resolve these issues. If the issue is not resolved, then EMove removes your advertisement listing from the website without verification that the claim is valid.

    In this case, it is listed in the customer contract that once the payment code is given to the moving helper they are in fact agreeing that the move has been completed in a proper manner. It is also stated in the moving helpers contract that EMove will not take sides in disputes between customers and the moving helper. Pro Moves could not settle the dispute because the customer had

only one desire which was to receive a full refund for his move. Pro Moves did in fact complete the move which is why the customer gave the payment code. Due to this, no refund was issued. This accusation has never before been presented against Pro Moves to give any indication to EMove that the customers claim was valid and yet EMove and UHaul removed Professional Moves listing from their site in a bias manner which constitutes a breech of contract. By removing the listing EMove and Uhaul did in fact take the side of a customer when the contract clearly states that they refrain from taking sides in disputes. This is a form of punishment for the moving helper which is executed blindly without investigation into the others claim.

    Pro Moves has sent multiple emails in order to attempt to resolve this issue with EMove and therefore restore the listing, EMove finally responded in February 2014 stating that there was no longer a need for the services of Pro Moves. This has created a serious financial impact on the business causing a temporary closure being that EMove and Uhaul was the primary source of income for the business. In turn there is undue stress and hardship as a direct result from this breech of contract.

    WHEREFORE, for good cause and reasons shown, Plaintiff seeks relief for damages in the amount of $150,000.00, an ORDER for EMove and UHaul to re-establish the listing for Professional Moves, any costs, fees, or monies owed as a result from filing in the Court that this Court deems appropriate, and any other damages that this Court may find appropriate to award the Plaintiff.

Respectfully submitted;

_____
Agent of Pro Moves
Dale Field
pro se