# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DALE P. FIELD, d/b/a Pro Moves,**
    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　**Civil Action No. 1:14-cv-154**

**EMOVE, d/b/a Movinghelper.com;**
**UHAUL,**
    **Defendants.**

## ORDER/OPINION/REPORT AND RECOMMENDATION

This matter is before the Court pursuant to Plaintiff Dale P. Field's "Motion to Dismiss Without Prejudice," filed on November 13, 2014. (Docket No. 15.) The matter was referred in full to the undersigned by United States District Judge Irene M. Keeley on September 16, 2014. (Docket No. 4.)

### I.   Procedural History

On September 12, 2014, *pro se* Plaintiff Pro Moves ("Plaintiff") filed a Complaint against Defendants Emove and Uhaul, alleging a breach of contract claim. (Docket No. 1.) Accompanying Plaintiff's Complaint was a "Motion to Proceed In Forma Pauperis." (Docket No. 2.) In that motion, Plaintiff stated "that by way of the actions that are listed in the complaint there has been a financial hardship placed on the business and the agents thereof." (Id.) In an attached Affidavit, Mr. Dale P. Field, Jr. asserted that he is the primary agent of Pro Moves and that he was "now unemployed and without means to pay for this matter." (Docket No. 2-1.) In an Order entered on September 17, 2014, the undersigned denied Plaintiff's motion without prejudice and further ordered Plaintiff to file the Court's standard "Application to Proceed Without Prepayment of Fees and Affidavit." (Docket No. 5.)

On October 2, 2014, Plaintiff filed its "Application to Proceed Without Prepayment of Fees

and Affidavit." (Docket No. 9.) In that document, Mr. Field asserted that he was currently residing with his mother "in a home that is owned and maintained by [his] cousin."[1] Mr. Field asserted that he was not "currently in the position to pay [his] expenses, and [his] child support payments are in the arrears." In an Order entered October 3, 2014, the undersigned noted the following:

> If Mr. Field were a plaintiff in this matter, he would certainly qualify to proceed *in forma pauperis*. However, the caption and content of the Complaint makes clear that Plaintiff Pro Moves, a business, wishes to bring claims against the Defendants. The Supreme Court has held that "artificial entitles" do not "qualify for treatment *in forma pauperis* under [28 U.S.C.] § 1915." Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 196 (1993). Therefore, for Plaintiff to proceed in this matter, it must pay the $400.00 filing fee.

(Docket No. 10.) Accordingly, the undersigned denied Plaintiff's application to proceed *in forma pauperis* and directed Plaintiff to pay the "filing fee and other fees in the amount of $400.00" within twenty-one (21) days from the date of entry of the Order. (Id.) The undersigned also advised Plaintiff that failure to pay the $400.00 filing fee within twenty-one (21) days would result in a recommendation of dismissal to the presiding District Judge. (Id.) The Court's October 3, 2014 Order was mailed to Plaintiff, via certified mail, on October 3, 2014. Service of that Order was accepted on October 14, 2014. (Docket No. 11.)

On October 27, 2014, Plaintiff filed a "Motion to Amend Complaint and Motion to Reconsider." (Docket No. 12.) That motion stated as follows:

> Now comes the Defendant [sic], Pro Moves, by and through Dale Field as primary agent for Pro Moves, and hereby requests that this Court grant leave to amend the complaint by changing the styling of the case. As Pro Moves is listed as a "Sole Proprietor" business, it is not in itself considered separate from the primary agent, and the primary agent, Dale. P. Field, may be listed as the acting Plaintiff in a sense that Dale P. Field is d/b/a the Sole Prop..

---

[1] While Mr. Field indicated that he currently resides with his mother, the return address on the envelope in which he mailed the "Application to Proceed Without Prepayment of Fees and Affidavit" was that of the Tygart Valley Regional Jail.

2

Additionally, in changing the style of the case, and allowing Dale P. Field to assume the position of Plaintiff, this filing would then be eligible for the filing under "Informa Pauperis," as Field's "Application to Proceed Without Payment of Fees and Affidavit" have already been filed with the Court. Where Field requests that in the event he is named Plaintiff, this Court reconsider the Order denying "Informa Pauperis."

(Docket No. 12.)

The undersigned granted the motion in part to the extent it requested that the caption in this case be amended, and ordered that the caption be amended as follows:

**DALE P. FIELD, d/b/a PRO MOVES;**
    **Plaintiff,**

v.                                                       Civil Action No. 1:14-cv-154

**EMOVE, d/b/a Movinghelper.com;**
**UHAUL;**
    **Defendants.**

The undersigned held the motion in abeyance to the extent it requested reconsideration of the October 3, 2014 Order denying *in forma pauperis* status. The Court further directed the Clerk of the Court to send this Court's Application to Proceed Without Prepayment of Fees and Affidavit, Consent to Collection of Fees from Trust Account Form, and Prisoner Trust Account Report to Plaintiff. Plaintiff had twenty-one (21) days following entry of that Order to return those forms, along with his prisoner trust account ledger sheets. Plaintiff was cautioned that failure to return those "may result in a recommendation that Plaintiff's case be dismissed." (Docket No. 13.)

## **II.**    **Analysis**

In his motion to dismiss, Plaintiff states:

Plaintiff states that at this time he is unable to afford the initial filing fees to proceed with the Complaint. Plaintiff states that he would like to use the time given with a dismissal to aquire [sic] the fees needed to proceed with this action and then re-file the action at such time. Plaintiff requests the Court grant him an additional six month period to file said complaint.

(Docket No. 15.)

A plaintiff may voluntarily dismiss an action without an order of the court by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(I). Likewise, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).

The purpose of the rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 31(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of N. Am., 217 F.R.D. 384, 386 (S.D. W. Va. 2003). When considering a motion under Rule 41(a)(2), a court should consider the following relevant, but non-dispositive factors:

> (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending.

Id.

Here, Defendants have had no expense or effort in litigating this matter, as Defendants have never been served with Plaintiff's Complaint. Furthermore, the undersigned finds that Plaintiff has not demonstrated excessive delay or lack of diligence in filing his motion to dismiss. For good cause shown, the undersigned finds that Plaintiff's motion to dismiss should be granted, and that such dismissal should be without prejudice. See Fed. R. Civ. P. 41(a)(2).

### III. Recommendation and Order

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's "Motion to Dismiss Without Prejudice" (Docket No. 15) be **GRANTED**. The undersigned further **ORDERS** that Plaintiff's Motion for Reconsideration (Docket No. 12) be **DENIED AS MOOT**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested.

DATED: November 17, 2014

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE